IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Crim. No. 19-00031-06-CR-W-BCW |
| ALFREDO GARCIA-RODRIGUEZ, | |
| Defendant. | |

## UNITED STATES SENTENCING MEMORANDUM

### I. INTRODUCTION

Sentencing in this case is set Thursday, September 8th, 2022. Based on the plea agreement, the defendant's relative position in the conspiracy, the *final* Presentence Investigation Report (PSR), and the 18 U.S.C. § 3553(a) factors, the United States recommends this Court exercise its discretion by imposing a sentence within the ultimately determined Guidelines range, based on arguments made herein and at the sentencing hearing, all the 18 U.S.C. § 3553 factors, and the facts and conclusions within the PSR. Additionally, the Government requests the Court order immediate payment of the $200 Mandatory Special Assessment (MSA) and enter a final order of forfeiture ordering the money judgment agreed to in the plea agreement.

In the interest of judicial economy, the United States doesn't re-state all the facts of the case herein, nor does it intend to do so at the sentencing hearing. The United States respectfully directs the Court to the *final* PSR for a very thorough and accurate rendition of the facts of the case and the defendant's role therein. The United States adopts the facts and conclusions in those documents, the contents herein, and its sentencing hearing arguments as the basis for the recommended sentence herein. The United States is not aware of any actions by the defendant

that would adversely impact his acceptance of responsibility and therefore moves this Court to grant the defendant all three levels off for acceptance.

## II. SENTENCING RECOMMENDATIONS

The Court is required to consider the nature and circumstances of the offense of the conviction, 18 U.S.C. § 3553(a)(1), as well as the fact that the advisory Guidelines call for a sentence of imprisonment, 18 U.S.C §§ 3553(a)(3) and (a)(4). The Court is also required to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). All these factors indicate the need for a sentence of imprisonment and furthermore, the need to impose a sentence in line with the ultimately determined U.S.S.G. range.

A.   Sentencing Considerations under 18 U.S.C. § 3553(a)

**1. The History and Characteristics of the Defendant**

The Court is required to consider the defendant's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1). A review of the defendant's prior criminal history reveals one prior felony drug conviction. The defendant was on supervision for that offense when he committed the instant offense. (PSR ¶¶ 55)

While the PSR sheds light on the defendant's personal history, there does not appear to be anything extraordinary, i.e., anything that would move this defendant out of the heartland of other defendants. This is not meant to minimize the defendant's allegations of addiction issues. (PSR ¶¶ 72 - 75)

At issue here is how much can one be excused for one's actions due to addiction issues, especially with the completely normal upbringing and opportunities this defendant appears to have had in life.

**2. The Need to Protect the Public from Future Crimes by the Defendant**

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B). The defendant's past conviction did not deter this defendant from committing the most recent crimes. Based on that and the defendant's escalating criminal actions reflected in this case, imposition of a significant incarceration sentence is perhaps the clearest path toward protecting the public from crimes of this defendant in the future.

**3. The Need to Afford Adequate Deterrence to Criminal Conduct**

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). The defendant's past conviction and prior leniency at sentencing, and the resources expended via probation, did not deter this defendant from committing new crimes. Imposition of a reasonably significant incarceration sentence will provide a clear message to deter the defendant and others from future criminal conduct.

**4. The Nature and Circumstances of the Offense**

The Court is required to consider the nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the type of sentence called for by the advisory Guidelines, 18 U.S.C. § 3553(a)(3) and (a)(4). The Court is also required to consider the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

The PSR calculations call for an advisory Sentencing Guideline range between 292 to 365 months' imprisonment. It also calls for a supervised release term of not less than 3 years and a MSA of $200. While a fine is authorized, the fine may be waived by the Court. In addition, based

on the PSR finding that the defendant was responsible for 75 kilograms of methamphetamine[1], and the admission of the forfeiture allegations and agreement to the money judgement, the money judgment is $1,850,000.00 (2650 ounces [75,000/28.3] of methamphetamine at $700.00 per ounce).

### 5. Balancing of All § 3553(a) Factors and Recommended Sentence

On balance, after weighing the relevant § 3553(a) factors, the United States recommends that the Court impose a reasonable but significant incarceration sentence based on the aforementioned factors, which are informed by the findings set out in the PSR, the assertions herein, and any arguments by the United States at sentencing. The United States is confident this Court is in the best position to determine, in an exercise of its informed discretion, which specific reasonable sentence should be imposed in this case. The United States has not identified any information to support recommending any sentence other than a USSG range sentence.

### B. Monetary Penalties

### 1. Special Assessment

The required $200 MSA should be imposed.

### 2. Money Judgment

The previously agreed to and admitted money judgment, calculated at $700.00 per ounce of methamphetamine times the defendant's final calculated drug responsibility weight, should be ordered imposed and made final via entry of a final order of forfeiture. If the current minimum weight of 75 kilograms of methamphetamine is the final weight found by the Court, that would be a $1,850,000.00 money judgment imposed, via imposition of a final order of forfeiture.

---

[1] Although the United States lodged no objections to the PSR, the Court may consider, under 3553 factors, that while the PSR found defendant's prior crime to be relevant conduct – and thus assessed no criminal history points – the defendant was NOT assessed the drug weight from that prior crime.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court impose sentence in accordance with the recommendations made herein.

Respectfully Submitted,

Teresa A. Moore
United States Attorney

By: */s/ Bruce Rhoades*

Bruce Rhoades (AR88156)
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-4280

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on September 6th, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                              /s/Bruce Rhoades
                                              Bruce Rhoades
                                              Assistant United States Attorney